UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sergey Gaponyuk,<br><br>                 Plaintiff,<br><br>    v.<br><br>Evgeny Alferov, et al.,<br><br>                 Defendants. | No. 2:23-cv-01317-KJM-JDP<br><br>ORDER |

As explained in the order at ECF No. 8, the court grants plaintiff Sergey Gaponyuk's ex parte application for a temporary restraining order and motion to expedite discovery. The court therefore orders as follows:

      1.      Defendants Evgeny Alferov, Sergei Kolosovskii, Mihail Vershinin, Alexander Chernov, David Brown, Natalia Abramova and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of defendants or any business entity through which they act or which acts in active concert or participation with them; including but not limited to those assets currently held in: (1) the

1

"Destination Addresses," as that term is defined on page 5–6 of the Memorandum of Points and Authorities at ECF No. 4-2, and (2) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in the Destination Addresses.

2. Plaintiff is not required to post a bond under Rule 65(c) of the Federal Rules of Civil Procedure for the reasons in this court's previous order (ECF No. 8).

3. Notice was not provided to defendants prior to entry of this order for the reasons in this court's previous order (ECF No. 8). Within seven days of learning defendants' true legal identity and obtaining their contact information, plaintiff shall serve copies of the complaint (ECF No. 1), plaintiff's motion for temporary restraining order (ECF No. 4), the court's previous order (ECF No. 8) and this order on defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. This temporary restraining order will expire fourteen days from its entry in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this order is extended (or defendant consents that it should be extended) for a longer period of time.

5. Defendants are notified of their right to apply to the court for modification or dissolution of this temporary restraining order, if appropriate and supported by a showing of good cause, on two days' notice or such shorter notice as the court may allow. *See* Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8). Defendants are advised that their failure to timely serve and file an opposition, or appear at a hearing on a motion for preliminary injunction, may result in the imposition of a preliminary injunction against them pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6. Plaintiff's motion for expedited discovery is **granted** to the extent that it seeks expedited discovery from the cryptocurrency exchanges below:

| Exchange | Destination Address | Funds Under Claim in Cryptocurrency Unit |
|---|---|---|
| Binance (Bitcoin network) | bc1qm34lsc65zpw79lxes69zkqmk6ee3ewf0j77s3h | 2.4 BTC (approx. 50,000 USDT) |
| Kuna (Tron network) | TQ5Qtf3vFFR44pmR3GvK3UMvAZCMerNfxQ | 172,498 USDT |
| Binance (Tron network) | TV6MuMXfmLbBqPZvBHdwFsDnQeVfnmiuSi | 239,997 USDT |
| Total Funds: | | 462,495 USDT |

Plaintiff may immediately serve a Rule 45 subpoena on the above cryptocurrency exchanges seeking the following information about either the owners of the listed Destination Addresses and/or the Defendants in this action: legal name, street address, telephone number, and email address.  Plaintiff may request the court's authorization to conduct additional discovery based on a showing of good cause.

7. Due to the exigent nature of the circumstances of this case, any listed cryptocurrency exchange subpoenaed to produce documents shall make its document production within 14 days of the date of its receipt of the subpoena.

8. The court finds that any privacy interests Defendants have concerning the discovery of the limited information authorized in this order are outweighed by the need to adjudicate the claims alleged in the Complaint in this lawsuit.  Those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.

9. Any subpoenas served under this order shall include a copy of this order.

10. A status conference is **set for August 10, 2023 at 2:30 p.m.** before the undersigned.  The status conference will be by videoconference.  **No later than seven days before the status conference**, plaintiff shall file a status report on (a) the discovery completed under this order and (b) plaintiffs' efforts to locate and serve process on defendants.

IT IS SO ORDERED.

DATED: July 20, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE