UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sergey Gaponyuk,<br><br>                Plaintiff,<br><br>    v.<br><br>Evgeny Alferov, et al.,<br><br>               Defendants. | No. 2:23-cv-01317-KJM-JDP<br><br>ORDER |

        Plaintiff Sergey Gaponyuk alleges several defendants defrauded him of valuable cryptocurrency. This court previously granted plaintiff's motion for a temporary restraining order and barred the defendants from "withdrawing, transferring, or encumbering any assets" in specific cryptocurrency addresses, wallets, and trading accounts. *See* TRO at 1–2, ECF No. 10. The court also permitted plaintiff to immediately conduct discovery in an effort to uncover the defendants' true names and contact information. *See id.* at 2–3. The temporary restraining order expired on its own terms. The court then held a status conference and set a hearing on a preliminary injunction for October 13, 2023, with briefing deadlines governed by the Local Rules. *See* Mins., ECF No. 15.

        Under Local Rule 230(b), motions must be "heard not less than thirty-five (35) days after service and filing of the motion." Plaintiff did not file a motion until September 19, 2023, after that deadline. *See* Mot. Prelim. Inj. & TRO, ECF No. 16. Nor has plaintiff cited or discussed the

1

1  legal standard this court must consider when evaluating a motion for a preliminary injunction or a
2  temporary restraining order, i.e., whether the plaintiff "is likely to succeed on the merits" and
3  "likely to suffer irreparable harm in the absence of preliminary relief"; whether "the balance of
4  equities tips in his favor"; and whether "an injunction is in the public interest." *Winter v. Nat.*
5  *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Washington v. Trump*, 847 F.3d 1151,
6  1159 n.3 (9th Cir. 2017) (per curiam) ("[T]he legal standards applicable to TROs and preliminary
7  injunctions are substantially identical." (citation and quotation marks omitted)).  The court cannot
8  rely solely on its previous finding that irreparable harm was likely; otherwise a temporary
9  restraining order could be extended indefinitely in violation of Federal Rule of Civil Procedure
10 65(b)(2).  Nor may a court issue a preliminary injunction without notice to the adverse party.
11 Fed. R. Civ. P. 65(a)(1).  For these reasons, plaintiff has not shown he is entitled to injunctive
12 relief.
13     In addition to injunctive relief, plaintiff requests further leave to conduct early discovery
14 in an effort to learn the defendants' true identities.  *See* Mot. at 2.  A plaintiff may request
15 permission to begin discovery before the parties have conferred as required by Federal Rule of
16 Civil Procedure 26.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.
17 Cal. 2002).  A court may grant early discovery to ascertain the identity of a Doe defendant under
18 this rule.  *Jacobo v. Doe*, No. 22-00672, 2022 WL 2079766, at *2 (E.D. Cal. June 9, 2022).  For
19 the reasons in this court's previous order, the court finds good cause to permit additional early
20 discovery to ascertain the defendants' true identities and contact information.  *See* TRO at 6.
21     The motion for a temporary restraining order and preliminary injunction are thus **denied,**
22 and the motion for leave to conduct early discovery and to extend the deadline for early discovery
23 is **granted in part**:
24     1.     Plaintiff may serve the following third parties with subpoenas by first-class mail:
25 Binance, OVH Groupe SAS, Hetzner Online GmbH, and Ayol Net LLC.
26     2.     The subpoenas authorized by this order may request the following information
27 about the defendants in this action: legal name, street address, telephone number, and email
28 address.

3. All discovery authorized by this order must be completed by October 31, 2023. Plaintiff may request the court's authorization to conduct additional discovery based on a showing of good cause.

4. A further status conference is set for **November 16, 2023 at 2:30 p.m.** before the undersigned, with a further status report due **fourteen days prior**. The status conference will be by videoconference.

This order resolves ECF No. 16.

IT IS SO ORDERED.

DATED: September 26, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3